[Dkt. No. 8]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ROBERT STIRES, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ECO SCIENCE SOLUTIONS, INC.; JEFFREY TAYLOR; and DON LEE TAYLOR,<br><br>    Defendants. | Civil No. 17-3707(RMB/KMW) |
| DAVID PENHOLLOW, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ECO SCIENCE SOLUTIONS, INC.; JEFFREY TAYLOR; and DON LEE TAYLOR,<br><br>    Defendants. | Civil No. 17-3760(RMB/KMW) |
| JIAXIN LU, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ECO SCIENCE SOLUTIONS, INC.; JEFFREY TAYLOR; DON LEE TAYLOR; and GANNON GIGUIERE,<br><br>    Defendants. | Civil No. 17-5161 (RMB/KMW)<br><br>**OPINION** |

BUMB, United States District Judge:

This matter comes before the Court upon lead plaintiff Richard Roschke's motion to appoint lead counsel in the above-captioned putative class action [Dkt. No. 8].  For the reasons set forth below, the Court will grant Roschke's motion to approve his selection of Glancy, Prongay & Murray LLP ("GPM") as lead counsel with Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella"), as liaison counsel for the proposed class.

**I.   Factual and Procedural Background**

On February 14, 2018, the Court consolidated the three above-captioned class action lawsuits [Dkt. Nos. 16, 17], brought on behalf of individuals and entities (the "Plaintiffs") that acquired Eco Science Solutions, Inc., ("Eco Science" or the "Company") securities between December 2, 2016 and May 19, 2017 (the "Class Period") against Eco Science and individual defendants Jeffrey Taylor, Don Lee Taylor, and Gannon Giguire (the "Individual Defendants," and collectively with Eco Science the "Defendants").

In the same February 14, 2018 Order and Opinion, the Court granted Roschke's motion to be appointed lead plaintiff, but reserved its decision on the appointment of lead counsel for the putative class pending additional briefing from Roschke regarding the reasonableness of his selected counsel [Dkt. Nos.

16, 17]. On March 2, 2018, Roschke filed supplemental briefing addressing this issue [Dkt. No. 18].

**II. Analysis**

The Private Securities Litigation Reform Act ("PSLRA") provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). As the Court previously found that Roschke is the most adequate plaintiff, the Court reviews his selection of Glancy Prongay & Murray LLP as lead counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as liaison counsel for the proposed class.

Courts "should generally employ a deferential standard in reviewing the lead plaintiff's choices." In re Cendant Corp. Litig., 264 F. 3d 201, 274 (3d Cir. 2001). Courts are not, however, a rubber-stamp for plaintiffs' selection of counsel, and an inquiry into "whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms" is necessary. Id. at 276. In making this inquiry, courts are instructed to consider, among other things,

> 1) the quantum of legal experience and sophistication possessed by the lead plaintiff; (2) the manner in which the lead plaintiff chose what law firms to consider; (3) the process by which the lead plaintiff selected its final choice; (4) the qualifications and experience of counsel selected by the lead plaintiff; and (5) the evidence that the retainer agreement negotiated by the lead plaintiff was (or was not) the

3

> product of serious negotiations between the lead
> plaintiff and the prospective lead counsel.

Id. "[A]t bottom, the ultimate inquiry is always whether the lead plaintiff's choices were the result of a good faith selection and negotiation process and were arrived at via meaningful arms-length bargaining." Id.

In this case, Roschke's declaration suggests that he is a sophisticated plaintiff who made a carefully considered and informed decision to select lead counsel. In addition to participating in several class action lawsuits as a class member, Roschke had a long career with a major company, holds three masters degrees, including two in business administration, and has been managing his own personal investment portfolio for approximately fifteen years. [Dkt. No. 18-1, ¶ 2]. According to Roschke, he researched and compared approximately 7 or 8 different plaintiffs' securities law firms. [Id., ¶ 3]. After identifying GPM as his preferred option, due to its experience and success, Roschke spoke to lawyers at GPM, reviewed the retainer letter, and decided to hire the firm. [Id., ¶¶ 4-6].

The Court has reviewed the resumes of both law firms retained by Roschke and finds that both firms have considerable experience and expertise in securities litigation. Roschke's supplemental brief states that GPM retained Carella as liaison counsel, among other reasons, for assistance on "navigation of

the New Jersey court system, generally." [Dkt. No. 18, p. 6]. The supplemental brief further explains that GPM will rely upon Carella for advice on local rules within the District of New Jersey and to file documents. [Id.]. Given the described division of labor, the Court finds that the anticipated relationship between lead and liaison counsel is appropriate.

After reviewing the supplemental briefing and Roschke's declaration, the Court is satisfied that "lead plaintiff's choices were the result of a good faith selection and negotiation process and were arrived at via meaningful arms-length bargaining." In re Cendant Corp. Litig., 264 F.3d at 276.

**III. Conclusion**

For the foregoing reasons, the Court grants Roschke's motion to appoint GPM and Carella as lead and liaison counsel, respectively. An accompanying Order shall issue on this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

DATED: November 7, 2018